IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JAIMON WOODS,

    Defendant.

Criminal No. 18-0152

ELECTRONICALLY FILED

**ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION**

Before the Court are three motions for reconsideration – ECF 1914, ECF 1915 and ECF 1916 – filed by Defendant, all of which ask this Court to reconsider its prior Order entered at ECF 1895 which denied Defendant's request for release. The three motions all articulate the same reason for the reconsideration request, specifically, in these reconsideration requests Defendant offers to abide by any conditions including home monitoring should this court grant his request for release.

A motion for reconsideration may be filed in a criminal case. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). However, "motions for reconsideration should not be used to put forward arguments which the movant ... could have made but neglected to make before judgment." *United States v. Jasin*, 292 F.Supp.2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F.Supp.2d 753, 755 (E.D. Pa. 1993) rev'd in part and aff'd in part on other grounds, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*,

1

877 F.Supp.2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)).

In considering the instant motion for reconsideration, this Court obtains guidance from *United States v. Korey,* 2009 WL 1940381 (W.D. Pa. June 30, 2009), wherein the late Chief Judge Lancaster held as follows:

> Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules for the United States District Court for the Western District of Pennsylvania provide for a "motion to reconsider" a dispositive ruling. Nevertheless, the court is of the opinion that the court has the inherent authority to revisit its own ruling if it is shown to be wrong. Indeed, the Supreme Court noted the "wisdom of giving the district courts the opportunity promptly to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976).
>
> A dispositive judgment may be altered or amended, however, only if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citation omitted).

*Korey,* at *1.

The Defendant's instant motions for reconsideration (ECF 1914, ECF 1915 and ECF 1916) is not based upon any of these three, above-referenced grounds. Even construing the Defendant's motion to reconsider in a light most favorable to him, the Court notes that there has been no intervening change in the controlling law; (2) there is no indication that new <u>evidence</u>, not previously available to Court when the Court last ruled on Defendant request for release has now come to light; and (3) there is no need to correct a clear error of law or fact, or to prevent manifest injustice. The Court, therefore, finds the three instant motions for reconsideration to merely reargue a point of disagreement between the Court and the Defendant.

Therefore, because no legal basis exists upon which this Court could or would reconsider its prior Order, Defendant's instant Motions for Reconsideration (ECF 1914, ECF 1915, and ECF 1916) of this Court's prior Order filed at ECF 1895 denying Defendant motion for release from custody are all **DENIED**.

**SO ORDERED this 19th day, of December, 2023.**

s/Arthur J. Schwab
United States District Judge

cc:   All ECF counsel of record